944 F.2d 905
 139 L.R.R.M. (BNA) 2400
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
CRYSTAL WINDOW CLEANING COMPANY, INC., Respondent.
 No. 91-5367.
 United States Court of Appeals, Sixth Circuit.
 Sept. 23, 1991.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 The National Labor Relations Board (the "Board") has applied to this court for summary entry of judgment against Respondent Crystal Window Cleaning Company, Inc., enforcing the Board's decision and order dated November 6, 1990, in Case No. 8-CA-21911. Although the Respondent's president, Thomas Hochschild, has objected to the Board's application, he cannot represent the Respondent in this matter because he is not an attorney. The Respondent itself has not filed an answer to the Board's application and the Board is entitled to the relief it seeks herein. Fed.R.App.P. 15(b).
 
 
 2
 It therefore is ORDERED AND ADJUDGED by the court that the Respondent, Crystal Window Cleaning Company, Inc., its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Soliciting employees to withdraw their support from Service, Hospital, Nursing Home and Public Employees Union, Local 47, affiliated with Service Employees International Union, AFL-CIO, CLC (hereinafter called the Union), and promising benefits to its employees if they abandon the Union, threatening not to bargain with the Union until it complies with a nonmandatory bargaining condition, threatening to go nonunion if a contract offer is rejected, threatening closure of its facility unless the employees withdraw support from the Union, and, threatening other reprisals and termination of its employees if they fail to withdraw support from the Union.
 
 
 4
 (b) Permanently laying off, constructively discharging or otherwise terminating employees or discriminating against employees because they support the Union and/or cooperate with the Board.
 
 
 5
 (c) Refusing to bargain collectively with the Union by making certain unilateral changes with regard to hours worked and other terms and conditions of employment; unilaterally subcontracting and/or hiring new employees to avoid dealing with the Union; not dealing with the Union with regard to grievances; and, refusing to execute and abide by the terms of the contract agreed to in the non-Board settlement agreement of May 6, 1989.
 
 
 6
 (d) In any other manner interfering with, restraining, or coercing their employees in the exercise of the rights guaranteed them by Section 7 of the National Labor Relations Act (hereinafter called the Act).
 
 
 7
 2. Take the following affirmative action which the Board has found necessary to effectuate the policies of the Act:
 
 
 8
 (a) Offer Jeff Anderson, Ray Shelton, Rick Hall, Richard Starcher, Donald Clark, Gerald Hochschild Sr., Gerald Hochschild Jr., Robert Robinson and Lawrence Saunders, immediate and full reinstatement to their former jobs or, if those jobs no longer exist, to substantially equivalent positions without prejudice to their seniority or other rights and privileges previously enjoyed, dismissing if necessary, any and all less senior employees hired to fill such positions, and make them whole, with interest, for any loss of earnings and other benefits suffered as a result of the discrimination against them and the failure to abide by the new contract in the manner set forth in the section of the Administrative Law Judge's Decision entitled "The Remedy."
 
 
 9
 (b) Sign the collective-bargaining agreement agreed to in the non-Board settlement agreement of May 6, 1989, and give retroactive effect to its terms and conditions.
 
 
 10
 (c) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment record, reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgment.
 
 
 11
 (d) Post at its Cleveland, Ohio facility copies of the attached notice marked "appendix." Copies of the notice, on forms provided by the Regional Director, for Region 8 of the National Labor Relations Board (Cleveland, Ohio), after being duly signed by a representative of the Respondent, shall be posted immediately upon receipt thereof and shall be maintained by the Respondent for 60 consecutive days thereafter, in conspicuous places, including all places where notices are customarily posted. Reasonable steps shall be taken by the Respondent to insure that said notices are not altered, defaced, or covered by any other material.
 
 
 12
 (e) Notify the said Regional Director, in writing, within 20 days from the date of this Judgment, what steps the Respondent has taken to comply herewith.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 13
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 14
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 15
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 16
 WE WILL NOT solicit our employees to withdraw their support from the Union or promise benefits on condition that they abandon the Union.
 
 
 17
 WE WILL NOT threaten to close our facility or terminate our employees or otherwise threaten our employees for their failure to withdraw their support from the Union.
 
 
 18
 WE WILL NOT threaten to refuse to bargain with the Union unless it complied with a nonmandatory bargaining condition.
 
 
 19
 WE WILL NOT threaten to go nonunion if our contract proposals are rejected.
 
 
 20
 WE WILL NOT discharge, layoff or otherwise discriminate against our employees because of their support of the Union.
 
 
 21
 WE WILL NOT in any other manner interfere with with, restrain, or coerce our employees in the exercise of the rights guaranteed them in Section 7 of the National Labor Relations Act.
 
 
 22
 WE WILL NOT refuse to recognize or bargain collectively with the Service, Hospital, Nursing Home and Public Employees Union, Local 47, affiliated with Service Employees International Union, AFL-CIO, CLC (herein "the Union), as the exclusive representative of our employees in the unit described below with respect to grievances, and other terms and conditions of employment. The bargaining unit is as follows:
 
 
 23
 All window cleaners, wall washers and light fixture cleaners employed by the Employer, excluding all office clerical employees, professional employees, and supervisors as defined in the Act.
 
 
 24
 WE WILL NOT make unilateral changes with regard to hours worked and other terms and conditions of employment without giving the Union appropriate notice and an opportunity to bargain.
 
 
 25
 WE WILL NOT refuse to execute and abide to the terms of the contract with the Union which we agreed to in the non-Board settlement agreement of May 6, 1989.
 
 
 26
 WE WILL sign the collective-bargaining agreement we agreed to in the non-Board settlement agreement of May 6, 1989 and WE WILL give give retroactive effect to its terms and conditions and make our employees whole for losses, if any, which they have suffered as a result of our refusal to sign a contact.
 
 
 27
 WE WILL offer Jeff Anderson, Ray Shelton, Rick Hall, Richard Starcher, Ronald Clark, Gerald Hochschild Sr., Gerald Hochschild Jr., Robert Robinson, and Lawrence Saunders, immediate and full reinstatement to their former jobs or, if those jobs no longer exist, to substantially equivalent positions without prejudice to their seniority or any other rights and benefits previously enjoyed, dismissing if necessary, less senior employees hired to fill those positions and WE WILL make them whole for any loss of earnings or other benefits they may have suffered as a result of the discrimination against them.
 
 
 28
 CRYSTAL WINDOW CLEANING COMPANY, INC.
 
 
 29
 (Employer)
 
 
 30
 Dated____________________By______________________________
 
 
 31
 (Representative)
 
 
 32
 (Title)
 
 
 33
 This is an official notice and must not be defaced by anyone.
 
 
 34
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered with any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 1240 E 9th Street, Room 1695, Cleveland, OH 44199-2086, Telephone (513)684-3663